### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NELSON ENRIQUE OSUNA-ALFONZO,** | : | |
| *Petitioner,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-3007** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                             **May 6, 2026**

### <u>MEMORANDUM</u>

Petitioner Nelson Enrique Osuna-Alfonzo filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 at 2 [hereinafter Pet.]. Osuna-Alfonzo alleges, among other things, that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Due Process rights, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act.  *Id.* ¶¶ 25–43.

Osuna-Alfonzo is a noncitizen from Venezuela.  Pet. ¶ 18.  He entered the United States on June 24, 2023 at a Point of Entry in Eagle Pass, Texas.  *Id.* ¶ 19.  After he was released on his own recognizance, Osuna-Alfonzo settled in Philadelphia.  *Id.* ¶ 20.  On May 2, 2026—almost three years after Osuna-Alfonzo entered the country—ICE took him into custody at the Federal Detention Center in Philadelphia and did not provide a reason for his detention.  *Id.* ¶ 22.

On the Government's view, Osuna-Alfonzo is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  *See also*

ECF No. 4 at 5–6 [hereinafter Government's Resp.].  Osuna-Alfonzo challenges the Government's interpretation, instead arguing that his detention violates the INA and that the relevant statutory framework is that of § 1226(a).  Pet. ¶ 31–35.

The Government argues, unconvincingly, that Osuna-Alfonzo is detained under § 1225(a)(1) and § 1225(b)(2) because he is, on the Government's view, an "applicant for admission."  Government's Resp. at 5–6.  As the Government acknowledges throughout its briefing, "the law is piled sky high against" it on this issue.  *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases); *see also* Government's Resp. at 3, 6 (noting that "courts in this district (and many elsewhere) have concluded that § 1225(b)(2)(A) does not apply . . . .").  Moreover, Osuna-Alfonzo has been in the United States for almost three years, which strains credulity to consider him an "arriving alien" as the Government insists.  *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States.").  Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Osuna-Alfonzo's detention violates the INA.  2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Osuna-Alfonzo's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because

nothing in the record suggests that Osuna-Alfonzo is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Osuna-Alfonzo under 8 U.S.C. § 1226(a) for seven days following his release.